FILED UP CLERK '19 JUN 11 PM 2:34

SERVE

DIVISION A

Docket Number: 97,653

| | |
|---|---|
| **Michael Kotski and Jodi Kotski,** **individually and on behalf of minor** **children, Adelyn Grace Kotski and** **Ryan A. Kotski** | 30th  Judicial District Court |
| versus | |
| **Matthew Harter and Valiant Global** **Defense Services** Filed: _____ | Parish of Vernon |
| | State of Louisiana |
| | Deputy Clerk of Court |

---

**Petition for Damages**

---

Now into court, through undersigned counsel, comes **Michael Kotski and Jodi Kotski,**

**individually and on behalf of their minor children, Adelyn Grace Kotski and Ryan A.**

**Kotski,**  residents of Vernon Parish, State of Louisiana, of the full age of majority, now and at

the time of the events giving rise to this litigation, hereinafter sometimes simply referred to as

**"Michael," "Jodi," "Adelyn,"** and **"Ryan,"** and sometimes referred to as **"Petitioners,"** who,

with respect, represents to the court that:

*Parties Plaintiff*                                          1.

    a.  **Michael Kotski,** who currently resides and is domiciled in Vernon Parish, State of Louisiana at 111 Warrent Court, Fort Polk, Louisiana 71459, sometimes referred to as **"Michael;"**

    b.  **Jodi Kotski,** (wife of **Michael Kotski**) who currently resides and is domiciled in Vernon Parish, State of Louisiana at 111 Warrent Court, Fort Polk, Louisiana 71459, sometimes referred to as **"Jodi;"**

    c.  **Adelyn Grace Kotski** (minor daughter of **Michael and Jodi Kotski**), who currently resides and is domiciled in Vernon Parish, State of Louisiana at 111 Warrent Court, Fort Polk, Louisiana 71459, sometimes referred to as **"Adelyn;"** and

    d.  **Ryan A. Kotski** (minor daughter of **Michael and Jodi Kotski**), who currently resides and is domiciled in Vernon Parish, State of Louisiana at 111 Warrent Court, Fort Polk, Louisiana 71459, sometimes referred to as **"Ryan."**

*Parties Defendant*                                          2.

    a.  **Valiant Global Defense Services, Inc.,** made defendant herein, hereinafter sometimes referred to as **"Valiant,"**[2] is a foreign corporation, but authorized to do, and doing, business in the State of Louisiana, and may be served through its registered agent,

*Original Petition for Damages*
*Michael Kotski, et al v. Valiant, et al*
*Page 1 of 7*

EXHIBIT

1

tabbies



Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802; and through its place of business located at Valiant Global Defense Services, Inc., A Avenue, Fort Polk, Louisiana 71459  Petitioner, upon information and belief alleges that Valiant Global Defense Service, Inc. is self-insured.

b.  **Matthew B. Harter** made defendant herein, and upon information and belief, is a resident of the State of Louisiana and whose last known address is 2561 Savage Forks Road, Leesville, Louisiana 71446, a male individual of the full age of majority, who is only known to Petitioner as "**Matthew B. Harter**" upon whom service of process may be made at the address more particularly set forth hereinabove.

3.

The exact relationship among the parties is unknown, but it is believed that **Matthew B. Harter,** an employee of Valiant, was operating a 2001 Dodge 1500, owned by the Department of the Army, which was covered by a policy or contract of liability required by the Department of the Army, and issued to **Valiant,** which vehicle had been entrusted to him by **Valiant,** while he was in the course and scope of his employment was involved in a collision with **Michael** who was a pedestrian at the time of the collision also in the course and scope of his employment with the Department of the Army.

*Venue*                                4.

That venue is proper in Vernon Parish, Louisiana pursuant to *Louisiana Code of Civil Procedure Article 74*, because, as hereinafter more particularly set forth, the damages were sustained in Vernon Parish, and the negligent conduct complained of occurred in Vernon Parish, Louisiana.

*Negligence*                           5.

That on or about June 28, 2018, and at pertinent times prior and subsequent thereto, said **Matthew B. Harter** was the operator of a 2001 Dodge 1500, the exact description being unknown to **Petitioners**, except that he had been informed and, upon such information and belief, alleges that said 2001 Dodge 1500 was owned and self-insured by Department of the Army, but also covered by a general or "prime" contractor's liability policy issued to **Valiant,** and then bore Government license plate "Blank."

SERVE

6.

That prior to June 28, 2018, said **Valiant** had a policy or contract of insurance covering said 2001 Dodge 1500, which was in full force and effect on or about June 28, 2018, by which it contracted and agreed to assume, up to but not exceeding its limits, legal liability incurred by or imposed upon said **Valiant** through the "maintenance, use and operation" of said 2001 Dodge 1500, or anyone operating said 2001 Dodge 1500 with the "knowledge, consent and/or permission" of said **Valiant**.

7.

That the limits of liability of the policy or contract of insurance issued to the **Valiant** and which was in full force and effect on or about June 28, 2018, provided for $10,000,000.00 "single limits" for bodily injury in any one accident.

8.

That on or about June 28, 2018, between the hours of 5:00 a.m. and 6:00 a.m., **Michael** was a pedestrian walking eastbound in the east bound lane of Highway 489, when **Matthew B. Harter,** who was traveling in the eastbound on Highway 489, struck **Michael**.

9.

**Michael** and several others service members were attached to a convoy that had pulled to the shoulder of Highway 489 some moments before the collision at the heart of this claim.

10.

That, at said time and at said place, it was dark with no street lights and the weather was clear, there was nothing to hinder or limit the view of said **Matthew B. Harter**. The convoy was well marked, and there were flashing beacons to notify motorist of the convoy and its members presence.

11.

That, at said time and at said place, said **Matthew B. Harter** failed to observe **Michael** walking eastbound in the east bound lane of Highway 489 and struck **Michael.**

12.

That no other vehicles were involved in said accident, except those particularly set forth hereinabove.

SERVE

13.

That said accident occurred in the Parish of Vernon, State of Louisiana.

14.

That petitioner sustained personal injuries and damages in said accident, at said time and at said place, as hereinafter more particularly set forth.

15.

That the accident and damages which resulted therefrom to petitioners were at least partially by the negligence and fault of said **Matthew B. Harter** as hereinafter more particularly set forth:

16.

That the negligence and fault of said **Matthew B. Harter** consisted of the following:

   a.  In operating his vehicle in a careless manner;
   b.  In driving in an inattentive, and/or distracted state;
   c.  In failing to keep a proper lookout;
   d.  In failing to observe pedestrians and, more particularly, said **Michael**;
   e.  In failing to see what he could and should have seen; namely said **Michael**;
   f.  In failing to act as a reasonable or prudent driver would have acted under similar circumstances taking into account the convoy on the side of the road and the signal beacons and flashing warning lights;
   g.  In failing to take reasonable action to avoid or mitigate the accident, when, in the exercise of due care, he should have had ample time, opportunity, and ability to do so;
   h.  In violating the motor vehicle and traffic laws and ordinances of the State of Louisiana, the Parish of Vernon.

17.

That a proximate cause of said accident, and the damages which resulted therefrom to **Michael** was the negligence and fault of said **Matthew B. Harter** as hereinabove more particularly set forth.

18.

That petitioner, non-exclusively, itemizes his damages, as follows:

**<u>Michael Kotski</u>**

  a.  For medical expenses:

     1.  Baynes-Jones Army Community Hospital, Fort Polk, Louisiana
     2.  Rapides Regional Medical Center, Alexandria, Louisiana
     3.  HealthSouth Rehabilitation Hospital, Alexandria, Louisiana

SERVE

      4.  Rapides Regional Physician Group Trauma Surgery & Critical Care, Alexandria, Louisiana

      5.  Rapides Orthopedic Clinic, Alexandria, Louisiana

      6.  San Antonio Military Treatment Facility, San Antonio, Texas

b.  For future medical expenses;

c.  For injuries to the bones, muscles, ligaments, tendons, nerves, and soft tissue of **Michael's** head, more particularly, traumatic brain injury, traumatic subdural hemorrhage with loss of consciousness, contusions, and headaches, resulting in insomnia, adjustment disorder and mood disorder;

d.  For injuries to the bones, muscles, ligaments, tendons, nerves, and soft tissue of **Michael's** right shoulder, more particularly, acromioclavicular joint separation, pain, contusions, and decreased range of motion;

e.  For injuries to the bones, muscles, ligaments, tendons, nerves, and soft tissue of **Michael's** left leg, more particularly, fracture of the femur shaft, fracture of the fibula shaft, fracture of the tibia shaft, all requiring surgical intervention and decreased range of motion of the knee;

f.  For injuries to the bones, muscles, ligaments, tendons, nerves, and soft tissue of **Michael's** lungs, more particularly, contusions, and pneumothorax;

g.  For injuries to the bones, muscles, ligaments, tendons, nerves, and soft tissue of **Michael's** right ribs more particularly, fractures, tenderness and pain;

h.  For injuries to the bones, muscles, ligaments, tendons, nerves, and soft tissue of **Michael's** liver, more particularly, laceration requiring laparotomy, resulting in an open abdominal surgical wound;

i.  For injuries to the bones, muscles, ligaments, tendons, nerves, and soft tissue of **Michael's** whole body, more particularly, acute respiratory failure, requiring a tracheotomy, dysphagia requiring a PEG placement, multiple contusions, lacerations, tenderness and pain;

j.  Permanent disabilities which will result in **Michael's** severance from the U.S. Army; and

k.  For past, present, and future pain and suffering, for loss of earnings, emotional distress, and for loss of quality of life as a result of the injuries hereinabove more particularly set forth;

### Jodi Kotski, individually

a.  For loss of material services, loss of love and affection, loss of companionship, loss of support, impairment of sexual relations, loss of aid and assistance, and loss of felicity and loss of *consortium* with her husband, **Michael Kotski.**

### Michael Kotski, on behalf of minor daughter, Adelyn Grace Kotski

b.  For loss of love and affection, loss of services and *consortium* of her father, **Michael;**

### Michael Kotski, on behalf of minor daughter, Ryan A. Kotski

c.  For loss of love and affection, loss of services and *consortium* of her father, **Michael;**



19.

That in accordance with the above and foregoing allegations, said **Valiant** and **Matthew B. Harter** are justly and truly indebted, jointly and *in solido*, unto **Petitioners** in an amount to be set by the court, which is reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid, and for all costs of these proceedings.

**Wherefore**, petitioners pray:

I.  That there be service and citation upon **Valiant Global Defense Services, Inc.,** through its registered agent, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802; and through its place of business located at Valiant Global Defense Services, Inc., A Avenue, Fort Polk, Louisiana 71459; and

II.  That there be service and citation upon **Matthew B. Harter** individually, 2561 Savage Forks Road, Leesville, Louisiana 71446.

III.  That, after the lapse of all legal delays and due proceedings had, there be judgment herein in favor of **petitioners, Michael Kotski and Jodi Kotski, individually and on behalf of their minor children, Adelyn Grace Kotski and Ryan A. Kotski** and against **defendants, Valiant Global Defense Services, Inc.** and **Matthew B. Harter** jointly and *in solido*, in an amount which is reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid, and for all costs of these proceedings;

IV.  That all fee of the experts called by **petitioners** to testify on their behalf in the trial of this cause be fixed by this Honorable Court and assessed as costs herein;

V.  For all orders and decrees necessary, and for full, general, and equitable relief.

*By their attorneys:*

**SMITHADVOCATES, LLC**
300 Courthouse Street (71446)
Post Office Drawer 1528
Leesville, Louisiana 71496-1528
Telephone:   337.239.2244
Facsimile:   337.239.4186

S. Christie Smith IV
Louisiana Bar Roll #:24882
*Trial Counsel for Plaintiffs*

I HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL.

*Original Petition for Damages*
*Michael Kotski, et al v. Valiant, et al*
*Page 6 of 7*



---

**PLEASE SERVE:**

1. **Valiant Global Defense Services, Inc.**
   *through its agent for service of process*

   Corporation Service Company
   501 Louisiana Avenue
   Baton Rouge, Louisiana 70802

   And

   *through its place of business*

   Valiant Global Defense Services, Inc.
   A Avenue
   Fort Polk, Louisiana  71459

2. **Matthew B. Harter**
   *an individual,*

   2561 Savage Forks Road
   Leesville, Louisiana 71446

---

Docket Number: _____

SERVE

Michael Kotski and Jodi Kotski,
individually and on behalf of minor
children, Adelyn Grace Kotski and
Ryan A. Kotski

versus

Matthew Harter and Valiant Global
Defense Services
Filed: _____

30th   Judicial District Court

Parish of Vernon

State of Louisiana
_____
Deputy Clerk of Court

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### PROPOUNDED TO DEFENDANT, Matthew Harter

---

TO:   Matthew Harter
      2561 Savage Forks Road
      Leesville, Louisiana 71446
      *Serve with original petition*

NOW INTO COURT, through undersigned counsel, come petitioners, **Michael Kotski and Jodi Kotski, individually and on behalf of their minor children, Adelyn Grace Kotski and Ryan A. Kotski,** who propound the following interrogatories to the defendant, **Matthew Harter.** These interrogatories are to be answered by you, **not your attorney,** fully, completely, and under oath, in accordance with the provisions of Louisiana Code of Civil Procedure, articles 1457, *et seq.* within fifteen (15) days of service hereof or within thirty (30) days, if served concurrently with the original petition. These interrogatories are deemed continuing, and you must supplement them, without further request by me, if any information you provide herein is later found or believed by you to be incomplete, misleading, or erroneous. You may, of course, consult with an attorney when answering these interrogatories, but **you** are to answer them, and **you** are to certify that the answers are true, complete, and correct.

**Your answers to these interrogatories are to be sworn as entirely true, entirely complete, and factually correct to the best of your knowledge, information, and belief, in front of a Notary Public and under oath, by you personally and *not by your attorney*.**

Plaintiff's First Set of Interrogatories to Harter
*Michael Kotski, et al versus Valiant, et al*
Page 1 of 5 pages



**INTERROGATORY NO. 1:**

Please identify yourself as the person answering these interrogatories by giving (1) your full legal name, (2) date of birth, (3) work address, (4) home address, (5) work telephone number and extension, (6) occupation, (7) job title, (8) a brief description of your duties, (9) your social security number, (10) your marital status, (11) your highest level of education completed, and (12) your drivers license number.

**INTERROGATORY NO 2:**

Have you read and understood the instructions to these interrogatories?

**INTERROGATORY NO 3:**

For each and every person with whom you consulted with regard to preparing your answers to these interrogatories please indicate (1) the person's name, (2) work address, (3) work telephone number and extension, (4) home address, (5) relationship to you, (6) what information was provided by each person, and (7) which interrogatory that person assisted you with. **NOTE: You do not have to disclose the content of any discussion you have had with your attorney, but you must disclose on which interrogatories, if any, your attorney supplied the information to you.**

**INTERROGATORY NO. 4:**

Please identify the make, model, and license plate number of all automobiles owned by you/your spouse, driven by you/your spouse, or in your household on the date of the collision made basis for this suit and disclose the insurer and policy number of each and every policy of insurance covering each and every vehicle listed.

**INTERROGATORY NO. 5:**

Were you in one of the automobiles listed in Interrogatory Number 4 at the time of the collision?  If your answer is "yes", then please answer the following:

    (A)    Were you involved in the collision as a driver?  If your answer is "no", skip to Interrogatory Number 6.

    (B)    Whose automobile were you in?

    (C)    Did you ever have permission to use the vehicle, if it is not your own?

    (D)    Was the automobile leased from any agency or other business?

Plaintiff's First Set of Interrogatories to Harter
*Michael Kotski, et al versus Valiant, et al*
Page 2 of 5 pages

(E)   If so, please state the name, address, and telephone number for the leasing agency.

(F)   If the automobile was leased, do you have a written contract?

## INTERROGATORY NO. 6:

Do you now, or did you at the time of the collision forming the basis for this suit, have a homeowner's insurance policy, a commercial general liability policy, any "liability umbrella," or any other policy or contract of insurance which provided coverage to you, your spouse, or your family for any purpose?  If your answer is "yes", then please identify by carrier, policy number, and type of each and every such policy.

## INTERROGATORY NO. 7:

If you were the driver of an automobile involved in the collision which forms the basis for this claim, please answer the following, otherwise state "not applicable" and skip to Interrogatory Number 13:

(A)   Were you "on the clock", working, or otherwise furthering your employer's or any other person's business at the time you were involved in the collision?

(B)   Where had you been for the hour preceding the collision?

(C)   Where were you going when the collision occurred?

## INTERROGATORY NO. 8:

With respect to your driver's license, please answer the following:

(A)   The state of issuance;

(B)   The date of issuance;

(C)   Any restrictions on your license at the time of the collision;

(D)   The number of years you have been licensed;

(E)   All traffic offenses currently on your driving record, or for which you have pleaded "guilty" or "no contest" in the past five years;

(F)   Whether your driving privileges have ever been suspended, cancelled, or revoked;

(G)   If so, under what circumstances your privileges were suspended, cancelled, or revoked.

## INTERROGATORY NO. 9:

Please list all medications for which you had valid prescriptions at the time of the collision, regardless of whether you were taking those medications or not.

Plaintiff's First Set of Interrogatories to Harter
*Michael Kotski, et al versus Valiant, et al*
Page 3 of 5 pages



**INTERROGATORY NO. 10:**

For each and every physician whom you have seen in the previous five years, please provide (1) the physician's name, (2) the physician's address, (3) the physician's specialty, (4) the dates you were under the physician's care, and (5) the reason that you were under each physician's care.

**INTERROGATORY NO. 11:**

Who is your family doctor, and what is his/her address?

**INTERROGATORY NO. 12:**

Please list all pharmacies you have used in the last five years.

**INTERROGATORY NO. 13:**

Were there any cellular telephones in your automobile at the time of the collision?  If so, please answer the following:

    (A)    How many cellular phones were in the automobile?

    (B)    To whom did each belong?

    (C)    Were any in use at or near the time of the collision, and if so, which?

    (D)    What are the telephone numbers and service providers for each of the listed cellular phones?

**INTERROGATORY NO. 14:**

Please identify each of the occupants in your automobile at the time of the collision, including their names, addresses, approximate ages, and seating positions in the automobile.

**INTERROGATORY NO. 15:**

Have you received a copy of the investigating officer's incident report or "accident report"?  If so, please answer the following:

    (A)    Do you agree with the officer's findings, narrative, and diagrams?

    (B)    Do you dispute the accuracy of any of the officer's findings, narrative, or diagrams?

    (C)    If your answer to (B) above is "yes", please state specifically what you dispute, why you disagree, and how you believe the report is incorrect.

Plaintiff's First Set of Interrogatories to Harter
*Michael Kotski, et al versus Valiant, et al*
Page 4 of 5 pages

SERVE

## INTERROGATORY NO. 16:

Have you ever been involved in an automobile collision?  If so, please provide the following information:

    (A)    The approximate date(s);

    (B)    The location(s);

    (C)    A brief description of your injuries.

## INTERROGATORY NO. 17:

Have you ever received a payment or reimbursement from any insurance company for any purpose, regardless of whether a lawsuit was ever filed?  If so, please briefly describe the nature, approximate date, and reason for such payments?

Thank you in advance for answering in writing, under oath, and before a notary public. You have an affirmative duty to investigate the truthfulness and accuracy of the responses you give.  Please remember to include in your oath that you have answered fully, truthfully, without artifice or deception, and that the responses are complete and accurate to the best of your knowledge, information, and belief.

**CERTIFICATE**

I hereby certify that this first set of interrogatories is attached to the original petition and presented for service at the time of filing the original complaint. On this the _____ day of June, 2019.

_____
S. Christie Smith IV

Respectfully submitted:

SMITHADVOCATES, LLC
300 COURTHOUSE STREET
POST OFFICE DRAWER 1528
LEESVILLE, LA 71496-1528
TELEPHONE: (337) 239-2244
FACSIMILE: (337) 239-4186

By: _____
S. Christie Smith IV
Louisiana Bar # 24882
*Attorney for Plaintiffs*

Plaintiff's First Set of Interrogatories to Harter
*Michael Kotski, et al versus Valiant, et al*
Page 5 of 5 pages



Docket Number: _____

| | |
|---|---|
| **Michael Kotski and Jodi Kotski, individually and on behalf of minor children, Adelyn Grace Kotski and Ryan A. Kotski** | 30th  Judicial District Court |
| versus | Parish of Vernon |
| **Matthew Harter and Valiant Global Defense Services** <br> Filed: _____ | State of Louisiana <br> _____ <br> Deputy Clerk of Court |

## REQUESTS FOR ADMISSIONS PROPOUNDED TO VALIANT GLOBAL DEFENSE SERVICES, INC.

TO:   VALIANT GLOBAL DEFENSE SERVICES, INC.
      *Serve with Original Petition*

NOW INTO COURT, through undersigned counsel, comes the plaintiff, **Michael Kotski and Jodi Kotski, individually and on behalf of their minor children, Adelyn Grace Kotski and Ryan A. Kotski,** who hereby requests that defendant, **VALIANT GLOBAL DEFENSE SERVICES, INC.,** pursuant to the applicable provisions of the *Louisiana Code of Civil Procedure,* answer under oath the Request for Admissions set out below, within the delays allowed by law, at the law offices of SMITHADVOCATES, LLC, located at 300 Courthouse Street, Leesville, Louisiana, 71446 (Post Office Drawer 1528, Leesville, Louisiana 71496-1528), the following items, to-wit:

### REQUEST FOR ADMISSION NO. 1:

Please admit that Matthew Harter was in the course and scope of his employment with Valiant at the time the collision with Michael Kotski occurred on June 28, 2018 at Highway 489 in Vernon Parish.



Respectfully Submitted:
*By his attorneys*

SMITHADVOCATES, LLC
300 Courthouse Street (71446)
Post Office Drawer 1528
Leesville, Louisiana 71496-1528
Telephone:   337.239.2244
Facsimile:   337.239.4186

_____
S. Christie Smith IV
Louisiana Bar Roll #:24882

CERTIFICATE

I hereby certify that this first set of interrogatories is attached to the original petition and presented for service at the time of filing the original complaint. On this the ____ day of June, 2019.

_____
S. Christie Smith IV

SERVE

Docket Number: _____

Michael Kotski and Jodi Kotski,
individually and on behalf of minor
children, Adelyn Grace Kotski and
Ryan A. Kotski

30th  Judicial District Court

versus

Parish of Vernon

Matthew Harter and Valiant Global
Defense Services
Filed: _____

State of Louisiana

_____
Deputy Clerk of Court

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### PROPOUNDED TO DEFENDANT,
### VALIANT GLOBAL DEFENSE SERVICES, INC.

---

TO:   VALIANT GLOBAL DEFENSE SERVICES, INC
      *Serve with Original Petition*

NOW INTO COURT, through undersigned counsel, come the plaintiffs, **Michael Kotski and Jodi Kotski, individually and on behalf of their minor children, Adelyn Grace Kotski and Ryan A. Kotski,** who propound the following interrogatories to the defendant, **VALIANT GLOBAL DEFENSE SERVICES, INC.** These interrogatories are to be answered in accordance with the provisions of Louisiana Code of Civil Procedure, articles 1457, *et seq.* within fifteen (15) days of service hereof or within thirty (30) days, if served concurrently with the original petition. These interrogatories are deemed continuing, and you must supplement them, without further request by me, if any information you provide herein is later found or believed by you to be incomplete, misleading, or erroneous.

### INTERROGATORY NO. 1:

Please identify yourself as the person answering these interrogatories by giving (1) your full legal name, (2) work address, (3) work telephone number and extension, (4) occupation, and (5) relationship to **VALIANT GLOBAL DEFENSE SERVICES, INC.**



**INTERROGATORY NO. 2:**

If you are not an attorney, have you read and understood the instructions to these interrogatories?

**INTERROGATORY NO. 3:**

For each and every person with whom you consulted with regard to preparing your answers to these interrogatories, please indicate (1) the person's name, (2) work address, (3) work telephone number and extension, (4) home address, (5) relationship to you, (6) what information was provided by each person, and (7) which interrogatory that person assisted you with. **NOTE: You do not have to disclose the content of any discussion you have had with your attorney, but you must disclose on which interrogatories, if any, your attorney supplied the information to you.**

**INTERROGATORY NO. 4:**

Are you aware of any type of liability insurance that could provide coverage under the alleged facts of this claim?  If so, please answer the following:

    (A)   Please list each and every policy or contract of insurance of which you have knowledge that could provide coverage for any defendant or potential defendant in the above-captioned suit.

    (B)   Under which policies do you assert coverage exists?

    (C)   What are the "limits" and "covered risks" of each of the policies listed in (A) above?

    (D)   Do you intend to dispute or deny coverage (not liability) under any policy listed in (A) above?

    (E)   If so, on what basis?

**INTERROGATORY NO. 5:**

Have you conducted any inquiry into the facts or circumstances surrounding the collision which forms the basis for this claim?  If so, please answer the following questions:

    (A)   What are the names of all your employees who have had responsibility for this claim?

    (B)   What are the names and addresses of any investigators who have examined this claim or performed services relative to this claim?

Plaintiff's First Set of Interrogatories to Hallmark
*Tangy Nash, et al versus Hallmark, et al*
Page 2 of 6 pages

SERVE

(C)     Have the facts of this claim been examined by, analyzed by, or otherwise contemplated by any expert in any field (other than legal experts or experts *specifically* in the field of insurance adjusting)?  If so, what experts and in which fields?

(D)     Has or will any biomechanical expert, engineer, physician, accident reconstructionist, or other expert been or be employed by you to offer any opinion regarding damages in this claim?

(E)     If your answer to (D) above is "yes," then please provide the name, address, field of expertise, and a copy of the report for each person listed in (D) above.

(F)     Has any expert rendered a written report relating to this claim?  If so, please identify (1) the title of his/her report, (2) the source, description, and location of all data of any type on which he/she relied to render said report, and (3) whether you intend to attempt to qualify the expert at trial.

(G)     Have any statements been taken from any person which bear on the facts of or defenses to this claim?  If so, please provide the names and addresses of all such persons from whom statements have been taken.

(H)     Please describe with particularity all photographs, motion pictures, videotapes, sketches, drawings, diagrams, or visual representations under your control concerning the collision in question, including, but not limited to, any depicting (1)  the vehicles involved, (2)  the people involved, and/or (3) the plaintiffs at any time before or after the collision.

(I)     Do you have any "video/photographic" evidence, impeachment or otherwise, which you intend to use at trial?

(J)     Do you have estimates, descriptions of damage, or other written items describing the property damage to any or all of the vehicles involved in this collision?   If so, please disclose (1) on which vehicles you have this information, and (2) the titles of such documents.

(K)     Have you conducted an underwriting review on your insured as a result of this claim or at any time after the collision took place?

## INTERROGATORY NO. 6:

Do you have now, or can you obtain, a copy of your employee's driving record held by the Louisiana Department of Motor Vehicles, any other agency? If so, specifically what do you refer to those documents as?

## INTERROGATORY NO. 7:

Do you intend to contest or dispute liability in this claim?  If so, please answer the following questions:

(A)     Do you maintain that your employee was entirely free from legal fault in causing the collision?

Plaintiff's First Set of Interrogatories to Hallmark
*Tangy Nash, et al versus Hallmark, et al*
Page 3 of 6 pages

(B)     If your answer to (A) above is "yes," please state precisely on which facts and law you rely to substantiate your position.

(C)     Do you maintain that the plaintiff was partially or totally at legal fault in causing the collision?

(D)     If your answer to (C) above is "yes," please state precisely on which facts and law you rely to substantiate your position.

(E)     Do you maintain that a third party is at legal fault in causing the collision?

(F)     If your answer to (E) above is "yes," please state precisely who you believe the third party to be and on what facts and law you rely to substantiate your position?

(G)     Do you believe that the plaintiff(s) has failed to mitigate his damages?

(H)     If your answer to (G) above is "yes," please state precisely on which facts and law you rely to substantiate your position.

## INTERROGATORY NO. 8:

Please state with specificity, to the extent you have not done so previously herein, any defense which you plan to offer at trial which you assert will serve to lessen or bar any plaintiff's recovery.

## INTERROGATORY NO. 9:

Please list all exhibits, documents, records, photographs, evidence, or demonstrative evidence of any nature whatsoever which you will attempt to introduce into evidence or use in any way at trial.

## INTERROGATORY NO. 10:

Please list all witnesses, lay, expert, fact, or otherwise, whom you intend to call to testify at trial.

## INTERROGATORY NO. 11:

Were there any cellular telephones or other communicative devices in your employee's automobile at the time of the collision?  If so, please answer the following:

(A)     Please identify those devices?

(B)     To whom did each belong?

(C)     Were any in use at or near the time of the collision, and if so, which?

Plaintiff's First Set of Interrogatories to Hallmark
*Tangy Nash, et al versus Hallmark, et al*
Page 4 of 6 pages

(D)     What are the telephone numbers and service providers for each of the listed cellular telephones?

**INTERROGATORY NO. 12:**

Please identify each of the occupants in your employee's automobile at the time of the collision, including their names, addresses, approximate ages, and seating positions in the automobile.

**INTERROGATORY NO. 13:**

Have you received a copy of the investigating officer's incident report or "accident report"?  If so, please answer the following:

(A)     Do you agree with the officer's findings, narrative, and diagrams?

(B)     Do you dispute the accuracy of any of the officer's findings, narrative, or diagrams?

(C)     If your answer to (B) above is "yes", please state specifically what you dispute, why you disagree, and how you believe the report is incorrect.

**INTERROGATORY NO. 14:**

Please describe the relationship between Valiant and the Department of the Army as it relates to a Valiant employee being permitted to drive a vehicle owned by the Department of the Army.

**INTERROGATORY NO. 15:**

Please identify the supervisor of Matthew Harter.

**INTERROGATORY NO. 16:**

Please identify the senior Valiant employee in charge at the Fort Polk location on June 28, 2018.

Thank you in advance for answering in writing, under oath, and before a notary public. You have an affirmative duty to investigate the truthfulness and accuracy of the responses you give.  Please remember to include in your oath that you have answered fully, truthfully, without artifice or deception, and that the responses are complete and accurate to the best of your knowledge, information, and belief.

Plaintiff's First Set of Interrogatories to Hallmark
*Tangy Nash, et al versus Hallmark, et al*
Page 5 of 6 pages

SERVE

## C E R T I F I C A T E

I hereby certify that this first set of interrogatories is attached to the original petition and presented for service at the time of filing the original complaint. On this the _____ day of June, 2019.

_____
S. Christie Smith IV

Respectfully submitted:

**SMITHADVOCATES, LLC**
300 COURTHOUSE STREET
POST OFFICE DRAWER 1528
LEESVILLE, LA 71496-1528
TELEPHONE: (337) 239-2244
FACSIMILE: (337) 839-4186

By: _____
S. Christie Smith IV
Louisiana Bar # 24882
*Attorney for Plaintiffs*

Plaintiff's First Set of Interrogatories to Hallmark
*Tangy Nash, et al versus Hallmark, et al*
Page 6 of 6 pages



Docket Number: _____

| | |
|---|---|
| **Michael Kotski and Jodi Kotski, individually and on behalf of minor children, Adelyn Grace Kotski and Ryan A. Kotski** | 30th  Judicial District Court |
| versus | Parish of Vernon |
| **Matthew Harter and Valiant Global Defense Services**<br>Filed: _____ | State of Louisiana |
| | Deputy Clerk of Court |

**REQUEST FOR PRODUCTION OF DOCUMENTS**
**PROPOUNDED TO**
**VALIANT GLOBAL DEFENSE SERVICES, INC.**

TO:   VALIANT GLOBAL DEFENSE SERVICES, INC
      *Serve with Original Petition*

NOW INTO COURT, through undersigned counsel, comes the plaintiff, **Michael Kotski and Jodi Kotski, individually and on behalf of their minor children, Adelyn Grace Kotski and Ryan A. Kotski,** who hereby requests and demands that defendant, **VALIANT GLOBAL DEFENSE SERVICES, INC,** pursuant to the applicable provisions of the *Louisiana Code of Civil Procedure*, produce for inspection and copying, within the delays allowed by law, at the law offices of SMITHADVOCATES, LLC, located at 300 Courthouse Street, Leesville, Louisiana, 71446 (Post Office Drawer 1528, Leesville, Louisiana 71496-1528), the following items, to-wit:

1.   A complete and certified copy of *each and every* policy or contract of insurance issued by **VALIANT** to any named defendant in the above-captioned suit;

2.   The "prime" contract between **VALIANT** and the Department of the Army.

3.   Copies of any statements taken by or in the possession of **VALIANT**, its adjusters, investigators, or agents, of any witness, party, or other person involved in any way with the above-captioned claim;

4.   Copies of any and all accident reports pertaining to the incident made the basis for the above-captioned claim;

5.   Copies of any and all medical reports, medical records, medical bills, hospital bills, pharmacy bills, or any other document obtained by or in the possession



of **VALIANT** which was acquired relative to the treatment, health, or *previous claims history* of any named party;

6.   Copies of any and all photographs, motion pictures, videotapes, sketches, drawings, diagrams, or visual representations concerning the collision in question, including, but not limited to, any depicting (1) the vehicles involved, (2) the people involved, and/or (3) the plaintiffs at any time before or after the collision;

7.   Copies of all estimates or analyses from any source regarding the extent of damage to any and all of the vehicles involved in the collision;

8.   Copies of any and all experts' reports prepared for any purpose in this matter; and

9.   Copies of all exhibits, documents, records, photographs, evidence, or demonstrative evidence of any nature whatsoever which you will attempt to introduce into evidence or use in any way at trial.

This request is deemed continuing, and you have an affirmative duty to supplement your answers if, at any time, you have reason to believe your previous answers are incorrect or incomplete.

| | |
|---|---|
| **CERTIFICATE**<br><br>I hereby certify that this first set of interrogatories is attached to the original petition and presented for service at the time of filing the original complaint. On this the \_\_\_\_ day of June, 2019.<br><br>_____<br>S. Christie Smith IV | Respectfully submitted:<br><br>**SMITHADVOCATES, LLC**<br>300 COURTHOUSE STREET<br>POST OFFICE DRAWER 1528<br>LEESVILLE, LA 71496-1528<br>TELEPHONE: (337) 239-2244<br>FACSIMILE: (337) 239-4186<br><br>By: _____<br>S. Christie Smith IV<br>Louisiana Bar # 24882<br>*Attorney for Plaintiffs* |



# Vernon Parish
## Clerk of Court
### Thirtieth Judicial District Court
Jeffery K. Skidmore, Clerk of Court
P.O. BOX 40  *(Zip: 71496)* • 215 South 4th Street *(Zip: 71446)*
Leesville, Louisiana

## REQUEST FOR INTERROGATORIES, REQUEST FOR ADMISSIONS, & REQUEST FOR PRODUCTION OF DOCUMENTS

MICHAEL KOTSKI

VS. NO: 97653 A

MATTHEW HARTER

TO:  VALIANT GLOBAL DEFENSE SERVICES INC
Through its place of business
A. Avenue
Fort Polk, LA 71459

PARISH OF VERNON

GREETINGS:

YOU ARE HEREBY CITED to comply with the REQUEST FOR INTERROGATORIES, ADMISSIONS, & PRODUCTION OF DOCUMENTS filed herein on behalf of the Plaintiff, a certified copy of which is served herewith, and to admit or deny the allegations made therein, and to reply thereto within a period of thirty (30) days after date of service hereof, otherwise each of the allegations to which an Answer is requested will be deemed admitted, as provided by law.

WITNESS this Honorable Court at Leesville, Louisiana and issued June 27, 2019.

Requested by S. Christie Smith, IV.

DEPUTY CLERK of COURT for
JEFFERY K. SKIDMORE., CLERK OF COURT

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
### SERVICE INFORMATION

RECEIVED on the _____ day of _____, 20____, and on the _____ day of _____, 20____, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving same at the domicile in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein having been absent from the residence at the time of service.

RETURNED:  PARISH OF _____ this ____ day of _____, 20_____.

SERVICE  $ _____
MILEAGE  $ _____          BY: _____
TOTAL    $ _____               DEPUTY SHERIFF



**EXHIBIT**
2



# Vernon Parish

## Clerk of Court

### Thirtieth Judicial District Court

**Jeffery K. Skidmore, Clerk of Court**

P.O. BOX 40  *(Zip: 71496)* ● 215 South 4th Street *(Zip: 71446)*
Leesville, Louisiana



## FORM NO: 101 [CITATION]

*MICHAEL KOTSKI*

*VS. NO: 97653 A*

*MATTHEW HARTER*

**TO:**   VALIANT GLOBAL DEFENSE SERVICES, INC.

Through its place of business.

A Avenue

Fort Polk, LA 71459

PARISH OF VERNON

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation,**or make an appearance either by filing a pleading or otherwise, in the Thirtieth Judicial District Court in and for the Parish of Vernon, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default.

This service was requested by S. Christie Smith, IV and issued by the Clerk of Court on  June 27, 2019

** Also attached are the following documents:

_XX_ INTERROGATORIES  _XX_ REQUEST FOR ADMISSIONS  _XX_REQUEST FOR PRODUCTION OF DOCUMENTS

DEPUTY CLERK of COURT for
JEFFERY K. SKIDMORE, CLERK OF COURT

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SERVICE INFORMATION

RECEIVED  on  the  _____  day  of  _____,  20____,  and  on  the  _____  day  of _____, 20____, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving same at the domicile in the hands of _____, a person apparently over the age of 17 yrs of age, living & residing in said domicile & whose name & other facts connected with this service, I  learned by interrogating said person, said party herein having been absent from the residence at the time of service.

RETURNED:  PARISH OF _____ this _____ day of _____, 20_____.

SERVICE   $ _____       BY: _____
MILEAGE   $ _____            DEPUTY SHERIFF
TOTAL      $ _____



**EXHIBIT**

3